IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARCELINA MARTINEZ, and
GILBERT ROMERO,

    Plaintiffs,

v.                                                       Civ. 13cv922 RHS/WPL

JULIAN GONZALES, et al.

    Defendants.

### ORDER GRANTING
### MOTION TO DISMISS AMENDED ACTION

THIS MATTER is before the Court on Defendant Belarmino "Mino" Romero's Motion to Dismiss Amended Action (Doc. 41) filed on December 9, 2013. Plaintiffs' Response was filed on December 20, 2013 (Doc. 46). Defendant's Reply was filed January 3, 2014 (Doc. 47). Defendant filed a Rule 12(b)(6) Motion which contained an affidavit and exhibit. Plaintiffs' assert that "[d]efendant's motion clearly does not satisfy the purpose of summary judgment" and contend that Defendant should not be dismissed (Doc. 46 at 5). Plaintiffs, though proceeding *pro se*, have an understanding of federal civil procedure and they too provide extrinsic evidence, a printout from the State of New Mexico Public Regulation Commission (Doc. 46-1, Exhibit A). When matters outside the pleadings are presented to the court for consideration, the court must either exclude the material or treat the motion as one for summary judgment. Nichols v. United States, 796 F.2d 361, 364 (10th Cir. 1986); Lamb v. Rizzo, 391 F.3d 1133, 1137 (10th Cir. 2004). The Court will treat the Motion as a motion for summary judgment subject to the requirements of Fed. R. Civ. P. 56.

The Court, having considered the Defendant's Motion (Doc. 41), Plaintiff's Response (Doc. 46), Defendant's Reply (Doc. 47), all of the filings on record in the above-captioned cause, and the applicable law, finds that the Motion is well-taken and should be granted.

BACKGROUND

Plaintiffs Marcelina Martinez and Gilbert Romero's Complaint alleges ten (10) claims including civil rights violations against seventeen (17) defendants. Plaintiffs' claims arise from a dispute regarding the construction of a building, permitting issues raised by state and county entities, and a resulting criminal complaint filed in Santa Fe County Magistrate Court of the State of New Mexico (Doc. 29). On April 5, 2013, a Notice of Arraignment was filed in the Magistrate Court ordering Plaintiff to appear on April 19, 2013 at 8:00 a.m. (Doc. 50-1 at 7). The Notice informed Plaintiff Martinez that failure to appear may result in the issuance of a warrant for her arrest. Id. Santa Fe County Magistrate Judge Sandra K. Miera issued a bench warrant on April 19, 2013 after Plaintiff Martinez failed to appear at her arraignment (Doc. 50-1 at 17). On June 19, 2013, Defendants Edward G. Webb and Brian Nissen, Deputies for the County of Santa Fe Sheriff's Office, attempted to execute the bench warrant and arrest Plaintiff Martinez (Doc. 29 at 14-16). On July 27, 2013, Plaintiff Martinez was traveling in her vehicle when she was stopped and then arrested by Defendant Ernest Garcia (Doc. 29 at 16-17). Defendant Mino's Towing was contacted by the New Mexico State Police to tow Plaintiff Martinez's vehicle (Doc. 41 at 4). On July 28, 2013, Defendant released the vehicle to Felix Martinez by authority of the Power of Attorney executed by Plaintiff Martinez (Doc. 41 at 8). Plaintiff Martinez was released from custody on July 30, 2013 (Doc. 29 at 24). Plaintiffs allege that Defendant Mino's Towing conspired with Defendant Garcia to deprive Plaintiff Martinez of

rights and of property "without her consent or due process of law in violation of the Fifth Amendment of the United States Constitution and state common law" (Doc. 46 at 6).

Belarmino Romero, owner of Defendant Mino's Towing, asserts that Plaintiff's Complaint fails to state a claim upon which relief can be granted because he was "acting on authority of the New Mexico Department of Public Safety" (Doc. 41 at 2). Defendant Mino's Towing submitted additional exhibits in support of his Motion to Dismiss including: an Affidavit in Support of Motion to Dismiss (Doc. 41 at 4), the New Mexico Department of Public Safety Vehicle Towing Authorization (Doc. 41 at 7), a Power of Attorney executed by Plaintiff Martinez in favor of her brother (Doc. 41 at 8) and a Road Service Bill for Plaintiff Martinez's vehicle (Doc. 41 at 10). Plaintiffs' Response includes Exhibit A which is a Company Summary for Defendant Mino's Towing obtained from the State of New Mexico Public Regulation Commission website (Doc. 46-1 at 1). As stated above, when matters outside the pleadings are considered, the Court may convert a motion to dismiss into a motion for summary judgment. Nichols, 796 F.2d at 364.

## LEGAL STANDARD

Summary judgment is appropriate if the moving party demonstrates that "there is no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A "genuine" issue exists where the evidence allows a reasonable jury to resolve the issue either way. Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The court must consider all the evidence in the light most favorable to the party opposing summary judgment. Trask v. Franco, 446 F.3d 1036, 1043 (10th Cir. 2006).

The opposing party may not rest upon mere allegations and denials in the pleadings, but must set forth specific facts showing that there is a genuine issue for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (citing Fed. R. Civ. P. 56(e)).  An issue of fact is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the non-moving party.  Id. at 249-50 (citations omitted).  Mere assertions or conjecture as to factual disputes are not enough to survive summary judgment.  Branson v. Price River Coal Co., 853 F.2d 768, 771-72 (10th Cir. 1988).  Materials cited to establish the presence or absence of a genuine dispute must be in a form that would be admissible into evidence.  Fed. R. Civ. P. 56(c)(2).  The court need only consider the materials cited by the parties.  Fed. R. Civ. P. 56(c)(3).  In the event that a party fails to cite materials or otherwise properly address another party's assertion of fact, the court may consider the fact undisputed and, if the motion and supporting materials show that the movant is entitled to it, grant summary judgment.  Fed. R. Civ. P. 56(e).  In addition, because Plaintiffs are proceeding pro se, the court will liberally construe their pleadings.  Durre v. Dempsey, 869 F.2d 543, 546 (10th Cir. 1989).

## ANALYSIS

Defendant Mino's Towing argues that the Court should dismiss the claims against it because it was authorized by the New Mexico Public Safety Department to tow Plaintiff's vehicle (Doc. 41).  Defendant also argues that Plaintiffs' claim that it conspired with Defendant Garcia to remove Plaintiff Martinez's car without due process of law is baseless (Doc. 41 at 2).  Plaintiffs argue that they have stated a claim against Defendant Mino's Towing for conspiracy and deprivation of property "without due process of law in violation of the Fifth Amendment of the United States Constitution and state common law." (Doc. 46 at 1).  Plaintiff Martinez claims

that her factual allegations are sufficient to state a claim (Doc. 46).  Plaintiff Martinez also points out that her Complaint alleges (1) that her arrest was unlawful, (2) that she did not consent to the removal of her car, and (3) that her car was not taken lawfully "under due process provisions." Id. at 2-3.

PLAINTIFFS FAIL TO STATE A CLAIM AGAINST
DEFENDANT MINO'S TOWING PURSUANT TO 42 U.S.C. § 1983

Section 1983 provides:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  While § 1983 creates the right of action, it does not create any substantive right; substantive rights are derived from federal law.  Spielman v. Hildebrand, 873 F.2d 1377, 1386 (10th Cir. 1989) ("Section 1983 does not provide a remedy if federal does not create enforceable rights.")  An injured person is authorized under § 1983 to assert a claim for relief against a person who, acting under color of state law, violated the claimant's federally protected rights.  Hill v. Ibarra, 954 F.2d 1516 (10th Cir. 1992).  Thus, to state a claim upon which relief can be granted under § 1983, a plaintiff:

> must establish (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a "person" (4) who acted under color of any statute, ordinance, regulation, custom [,] or usage, of any State or Territory or the District of Columbia.

Beedle v. Wilson, 422 F.3d 1059, 1064 (10th Cir. 2005).

Plaintiffs contend that Defendant Mino's Towing acted "conspiratorially, under color of state law with [a New Mexico State Police Officer, Defendant] Garcia" (Doc. 29 at 32).

Plaintiffs' Response (Doc. 46) suggests that somehow Defendant Mino's Towing should have determined that Plaintiff Martinez's arrest was unlawful, and that it did not have authority to tow the vehicle. Defendant Mino's Towing, appears *pro se*, and seems to be seeking qualified immunity for its actions because it received authority from Defendant Garcia, a law enforcement officer, to tow Plaintiff Martinez's car (Doc. 41).

Generally, private defendants are not entitled to qualified immunity. Wyatt v. Cole, 504 U.S. 158, 168-69 (1992) (holding that qualified immunity not available "for private defendants faced with §1983 liability for invoking a state replevin, garnishment, or attachment statute"). In Wyatt, the Supreme Court did "not foreclose the possibility that private defendants faced with §1983 liability under Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982), could be entitled to an affirmative defense based on good faith." Id. at 169. The Tenth Circuit has previously affirmed the district court's grant of summary judgment based on a common law rule shielding private citizens from liability for "good faith" attempts to assist law enforcement officers. Warner v. Grand County, 57 F.3d 962 (10th Cir. 1995) (the Tenth Circuit affirmed the lower court's decision on the basis of qualified immunity rather than the common law). In Clement v. City of Glendale, the Ninth Circuit affirmed the district court's grant of summary judgment to a towing company that raised a "good faith" defense. 518 F.3d 1090, 1097 (9th Cir. 2008). In Clement, a Glendale police officer contacted a towing company to remove plaintiff's vehicle that was parked in violation of a local ordinance. Id. The plaintiff filed a §1983 action against the police and the towing company. The defendant asserted a good faith defense based on receiving authorization by the police department to tow plaintiff's vehicle. Id. at 1097. Even though Plaintiff was not present for the tow and did not receive notice, the Ninth Circuit reasoned that

"the towing company did its best to follow the law and had no reason to suspect that there would be a constitutional challenge." Id.

Although Clement involved towing resulting from a parking violation and the instant case involves towing after an arrest based on a bench warrant, the facts and issues are similar. Here, Defendant Mino's Towing was contacted by Defendant Garcia, a New Mexico State Police Officer, for the purpose of towing a vehicle which happened to be incident to an arrest (Affidavit of Belarmino Romero, Doc. 41 at 4-6). Defendant arrived at the scene and was authorized by Defendant Garcia to tow the vehicle (Doc. 41 at 5). Defendant Mino's Towing introduces a copy of the Towing Authorization form (Doc. 41 at 7) and Belarmino Romero attests that Defendant was acting at the direction of the State Police (Doc. 41 at 5). Moreover, Mr. Romero attests that the tow occurred in the normal course of business at the direction of the New Mexico Department of Public Safety (Doc. 41 at 5). Plaintiffs do not offer any affidavits or other evidence to contradict Mr. Romero's attestations. They offer conclusory allegations that the arrest was unlawful, that Defendant Mino's Towing conspired with Defendant Garcia to deprive Plaintiff Martinez of her property, and thereby violated the constitution.

Defendant Mino's Towing removed Plaintiff Martinez's vehicle under the apparently lawful direction and authority of the officer. Clement, 518 F.3d at 1097. Defendant was summoned by Defendant Garcia to remove Plaintiff's vehicle. Mino's Towing is in the business of towing vehicles, not determining whether bench warrants are valid or lawful. Moreover, that determination is not relevant to the instant inquiry. Defendant should not be held responsible to know whether Plaintiff's arrest violated her constitutional rights. Id.

In light of the foregoing, the Court finds that as a matter of law Defendant Mino's Towing is entitled to a good faith defense. Therefore, the Court concludes that Defendant's

Motion to Dismiss Plaintiff Martinez's claim that Defendant violated her civil rights by depriving her of her property without due process of the law under the Fifth Amendment should be granted.

PLAINTIFFS FAIL TO STATE A CLAIM
AGAINST DEFENDANT MINO'S TOWING FOR CONSPIRACY

Plaintiffs allege that Defendant Mino's Towing conspired with State Police Officer, Defendant Garcia to violate Plaintiff Martinez's constitutional rights. A § 1983 conspiracy claim may arise when a private actor conspires with a state actor to deprive a person of a constitutional right under color of state law. Dennis v. Sparks, 449 U.S. 24, 27-29 (1980). Where a plaintiff alleges a conspiracy between state actors and private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must show specifically presented facts tending to show agreement and concerted action. Sooner Prods. Co. v. McBride, 708 F.2d 510, 512 (10th Cir.1983) (citing Clulow v. Oklahoma, 700 F.2d 1291, 1303 (10th Cir.1983)).

When a plaintiff alleges the private defendant conspired with an immune official, the plaintiff must demonstrate the existence of sufficient nexus or entanglement between the absolutely immune state official and the private party in relation to the steps taken by each to fulfill the objectives of their conspiracy. Shaffer v. Cook, 634 F.2d 1259, 1260 (10th Cir. 1980) (citing Norton v. Liddel, 620 F.2d 1375, 1380 (10th Cir. 1980)). The Court must resolve these issues on a case-by-case basis. Id. at 1260. A private individual's conduct is fairly attributable to the state if two conditions are met. First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible. Second, the private party must have acted together with or obtained significant aid from state officials or engaged in conduct otherwise chargeable to the

State.  Pino v. Higgs, 75 F.3d 1461, 1465 (10th Cir.1996) (quoting Wyatt v. Cole, 504 U.S. 158, 162, 112 S.Ct. 1827, 118 L.Ed.2d 504 (1992) (internal quotations and citation omitted)); see also, Gallagher v. Neil Young Freedom Concert, 49 F.3d 1442, 1447 (10th Cir.1995) (identifying four tests for determining whether particular conduct constitutes state action).

To prove a conspiracy between private parties and the state under § 1983, the plaintiff must show a joint participation, agreement, or a meeting of the minds to violate constitutional rights.  There must be sufficient evidence of a conspiracy to prevent the jury from engag[ing] in sheer speculation and conjecture.  Six v. Henry, 42 F.3d 582, 585 (10th Cir. 1994). The plaintiff must specifically present facts tending to show agreement and concerted action.  Hunt v. Bennett, 17 F.3d 1263, 1268 (10th Cir. 1994).

Plaintiffs' Complaint identifies Defendant Mino's Towing as a "corporation" and as a person (Doc. 29 at 6)[1].  Plaintiffs' state that Defendant "act[ed] in collusion with Defendant Garcia to deprive Plaintiffs of property under color of state law."  Id. at 6.  They further state that Defendant Mino's Towing acted "in concert with a state official effecting the theft of [Defendant Martinez's] property without due process of law" (Doc. 29 at 6).  In Count III, Plaintiffs allege that "during [] Garcia's unlawful traffic stop," Defendant Mino's Towing and Defendant Garcia conspired to take Plaintiff Martinez's vehicle in violation of her constitutional rights and that they "engaged in grand theft auto" (Doc. 29 at 32).  Plaintiffs do not offer any facts to show how these Defendants acted in collusion, acted in concert or conspired to violate her rights (Doc. 29 at 6, 32).  There are no specific facts that show when or how Defendant Mino's Towing was

---

[1] Plaintiffs' Response (Doc. 46) asserts that Defendant Mino's Towing is a corporation and must be represented by counsel.  Plaintiffs attach a printout from the State of New Mexico Public Regulation Commission (Doc. 46-1) which identifies Mino's Towing Service as a Sole Proprietor.   Assuming this information is valid, there is no requirement for Mr. Romero the owner of Mino's Towing Service to retain counsel since his business is not organized as a corporation or other business entity under the laws of the State of New Mexico or any other state that would require application of D.N.M. LR-Civ. 83.7.

involved in a conspiracy, Defendant merely showed up to a call from a State Police Officer to tow a vehicle. Plaintiffs' Complaint makes a conclusory allegations that Defendants Mino's Towing and Garcia were "working conspiratorially." Id. There are no facts that tend to show agreement and concerted action among defendants. Hunt v. Bennet, 17 F.3d at 1268.

Plaintiffs have not alleged any facts to show agreement and concerted action between Defendant Mino's Towing and Defendant Garcia. Plaintiffs, therefore, have not sufficiently alleged that Mino's Towing acted through a conspiracy. The Court concludes that Defendant Mino's Towing's Motion to Dismiss Plaintiffs' conspiracy claim should be granted.

### PLAINTIFFS FAIL TO STATE A CLAIM AGAINST DEFENDANT MINO'S TOWING FOR 42 U.S.C. §1985 CLAIMS

Plaintiffs allege that they have brought their action under 42 U.S.C. §1985 as well as other sections of Title 42. While Plaintiffs have failed to specifically identify which Defendants have violated § 1985, the Court will assume that Plaintiffs' allegations of conspiracy to violate Plaintiff Martinez's civil rights asserted against Defendant Mino's Towing includes this section. 42 U.S.C. § 1985 pertains to the prohibition of conspiracy which can interfere with civil rights. There are five categories of conspiratorial activity. Kush v. Rutledge, 460 U.S. 719, 724-25 (1983). Three categories "relate to institutions and processes of the federal government." Id at 724. "[T]wo categories, however, encompass underlying activity that is not institutionally linked to federal interest and that is usually of primary state concern." Id. "The second part of 1985(2) applies to conspiracies to obstruct the course of justice in state courts" while 1985(3) applies where "two or more persons who conspire or go in disguise on the highway or in the premises of another." Id. at 725 (internal quotations omitted). These categories require "an intent to deprive their victims of the equal protection of the laws" Id. This language has been interpreted by the

Supreme Court to mean that "racial, or perhaps otherwise class-based, invidiously discriminatory animus [is] behind the conspirators' actions" Id. at 726.

Section 1985 provides a private right of action for damages based on private conspiracy and results from Congressional codification of the previous Civil Rights Act of 1871. Griffin v. Breckenridge, 403 U.S. 88 (1971). Plaintiffs' claim appears to be brought under § 1985(3) which states as follows:

> (3) Depriving persons of rights or privileges
>
> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. §1985(3).  A plaintiff seeking recovery for a private conspiracy in violation of §1985(3) must show that: (i) racial, or class-based, invidiously discriminatory animus exists behind the conspirator's actions; and (ii) the conspiracy was aimed at interfering with rights such as the Thirteenth Amendment right to be free from involuntary servitude and being able to travel interstate.  See United Brotherhood of Carpenters & Joiners of Am., Local 610, AFL-CIO, et al. v. Scott, 436 U.S. 825, 837 (1983); Bray v. Alexandria Women's Health Clinic, 809 U.S. 263, (1993); Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993) (citing United States v.

Kozminski, 487 U.S. 931 (1988) ("recognizing the Thirteenth Amendment right to be free from involuntary servitude"); United States v. Guest, 383 U.S. 745 (1966)("in the Thirteenth Amendment context, the right of interstate travel")).

To state a claim under § 1985, a conspiracy must be alleged. Dixon v. City of Lawton, 898 F.2d 1443, 1447 (10th Cir. 1990). "A plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants." Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 533 (10th Cir. 1998). Mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action. Sooner Prods. Co. v. McBride, 708 F.2d 510, 512 (10th Cir. 1983). To state a claim under § 1985(3), plaintiff must show: (1) a conspiracy, motivated by racially-discriminatory animus; (2) to deprive the plaintiff of equal protection or protections of the laws, (3) an act in furtherance of the conspiracy , and (4) an injury or deprivation resulting therefrom.

Plaintiffs' Complaint does not set forth any facts asserting "racial, or class-based, invidiously discriminatory animus," by Defendant Mino's Towing as § 1985 requires. United Brotherhood of Carpenters & Joiners of Am., Local 610, AFL-CIO, et al. v. Scott, 436 U.S. at 837. Plaintiffs bring their action pursuant to § 1985 among other sections of Title 42 without identifying any specific facts to support their claim (Doc. 29 at 3). Plaintiffs assert that they have been deprived of equal protection of the law because Plaintiff Martinez's vehicle was towed without her consent. Plaintiffs make conclusory allegations that there was a conspiracy between Defendant Mino's Towing and Defendant Garcia but offer no specifics. Plaintiffs assert that they were deprived of the vehicle but a receipt attached to the Motion and Mr. Romero's affidavit confirm that Defendant Mino's Towing released Plaintiff Martinez's vehicle to her

authorized agent, Plaintiff Martinez's brother, pursuant to a power of attorney, the day after her arrest (Doc. 41 at 10). The Court concludes that Plaintiffs' claims against Defendant Mino's Towing for conspiracy under § 1985 should be dismissed.

IT IS THEREFORE ORDERED that Defendant Mino's Towing's Motion to Dismiss (Doc. 41) is GRANTED and Defendant Mino's Towing is dismissed from the case with prejudice.

_Robert Hayes Scott_
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE