IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARCELINA MARTINEZ, and
GILBERT ROMERO,

    Plaintiffs,

v.                                          Civ. 13cv922 RHS/WPL

JULIAN GONZALES, et al.

    Defendants.

## ORDER GRANTING
## DEFENDANT SANDRA K. MIERA'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on Defendant Sandra K. Miera's Motion For Summary Based on Absolute Immunity and Qualified Immunity (Doc. 50) filed on January 16, 2014.  Plaintiffs' Response in Opposition (Doc. 53) was filed on January 30, 2014.  Defendant filed her Reply (Doc. 63) on February 13, 2014.  The Court, having considered the Motion (Doc. 50), Response (Doc. 53), Reply (Doc. 63), all of the filings on record in the above-captioned cause, and the applicable law, finds that the Motion is well-taken and should be granted.

### BACKGROUND

Plaintiffs Marcelina Martinez and Gilbert Romero's Complaint alleges ten (10) claims including civil rights violations against seventeen (17) defendants.  Plaintiffs' claims arise from a dispute regarding the construction of a building, permitting issues raised by state and county entities, and a resulting criminal complaint filed in Santa Fe County Magistrate Court of the State of New Mexico (Doc. 29).  On April 5, 2013, a Notice of Arraignment ("Notice") was filed in the Magistrate Court ordering Plaintiff to appear on April 19, 2013 at 8:00 a.m. (Doc. 50-1 at 7).  The Notice informed Plaintiff Martinez that failure to appear may result in the issuance of a warrant for her arrest.  Id.   Santa Fe County Magistrate Judge Sandra K. Miera issued a bench

warrant on April 19, 2013, after Plaintiff Martinez failed to appear at her arraignment (Doc. 50-1 at 17).  On July 27, 2013, Plaintiff Martinez was arrested by a New Mexico State Police Officer and taken into custody (Doc. 29 at 16-17).  Plaintiff appeared before Judge Miera at an arraignment on July 29, 2013; Judge Miera set a cash bond of $6,000 for Plaintiff Martinez's release (Doc. 50-1 at 3).  Plaintiff was transferred to First Judicial District Court "for further proceedings including a determination of [Plaintiff Martinez's] competency to stand trial."  Id. On August 7, 2013, Plaintiff Martinez filed a "Notice of Excusal of Judge Sandra Miera" (Doc. 50-1 at 24-29).  Plaintiff's criminal proceeding was remanded to the Magistrate Court and was reassigned to Magistrate Judge Segura (Doc. 50-1 at 3).

## LEGAL STANDARD

Judge Miera asserts that, at all times material, she was acting in her capacity as a Magistrate Judge, and that the Court should grant her Motion for Summary Judgment (Doc. 50) based on absolute immunity or in the alternative, qualified immunity.  Summary judgment is appropriate if the moving party demonstrates that "there is no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A "genuine" issue exists where the evidence allows a reasonable jury to resolve the issue either way.  Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  The court must consider all the evidence in the light most favorable to the party opposing summary judgment.  Trask v. Franco, 446 F.3d 1036, 1043 (10th Cir. 2006).

The opposing party may not rest upon mere allegations and denials in the pleadings, but must set forth specific facts showing that there is a genuine issue for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (citing Fed. R. Civ. P. 56(e)).  An issue of fact is

"genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the non-moving party. Id. at 249-50 (citations omitted). Mere assertions or conjecture as to factual disputes are not enough to survive summary judgment. Branson v. Price River Coal Co., 853 F.2d 768, 771-72 (10th Cir. 1988). Materials cited to establish the presence or absence of a genuine dispute must be in a form that would be admissible into evidence. Fed. R. Civ. P. 56(c)(2). The court need only consider the materials cited by the parties. Fed. R. Civ. P. 56(c)(3). In the event that a party fails to cite materials or otherwise properly address another party's assertion of fact, the court may consider the fact undisputed and, if the motion and supporting materials show that the movant is entitled to it, grant summary judgment. Fed. R. Civ. P. 56(e). In addition, because Plaintiffs are proceeding *pro se*, the court will liberally construe their pleadings. Durre v. Dempsey, 869 F.2d 543, 546 (10th Cir. 1989).

## ANALYSIS

In her Response, Plaintiff Martinez asserts that the First Amended Action (Doc. 29) raises claims against Judge Miera "for deprivation of rights and neglect to prevent deprivation of rights under 42 U.S.C. §§ 1983, 1985 and 1986 for deprivation of plaintiff's Fourth, Fifth, Thirteenth and Fourteenth Amendment rights" (Doc. 53 at 1). Plaintiffs also assert violations of 18 U.S.C. § 1961 et seq." (Doc. 53 at 1). Judge Miera contends that she is entitled to absolute immunity because she is a member of the judiciary of the State of New Mexico, pursuant to NMSA 1978 §§ 35-1-1; 35-1-32. Moreover, Judge Miera contends that with respect to Plaintiff Martinez and her criminal proceeding "there is perhaps no more quintessentially judicial act than a court's authority to issue a bench warrant commanding the arrest of a person who fails to appear before the court as ordered" (Doc. 50 at 8).

<u>Absolute Immunity</u>

The United States Supreme Court has held that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." <u>Stump v. Sparkman</u>, 435 U.S. 349, 355-56 (1978).  That same immunity continues even if the judge's "exercise of authority is flawed by the commission of grave procedural errors." <u>Stump v. Sparkman</u>, 435 U.S. at 359.  "The Supreme Court of the United States has long held that judges are generally immune from suits for money damages." <u>Stein v. Disciplinary Bd. of Supreme Court of NM</u>, 520 F.3d 1183, 1195 (10th Cir. 2008) (citing <u>Mireles v. Waco</u>, 502 U.S. 9, 9-10 (1991)).  A judge's immunity from § 1983 liability "is overcome in only two sets of circumstances.  First, a judge is not immune from liability for nonjudicial acts, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." <u>Mireles v. Waco</u>, 502 U.S. at 11-12 (1991) (citations omitted).  The Supreme Court has also held that absolute judicial immunity was not affected or abolished "by § 1983, which makes liable 'every person' who under color of law deprives another person of his civil rights." <u>Pierson v. Ray</u>, 386 U.S. 547, 554 (1967), overruled in part on other grounds by <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982).

Judge Miera moves the Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, to enter summary judgment in her favor (Doc. 50).  She contends that all claims raised by Plaintiffs "involve [Defendant Miera's] acts as a sitting judge" (Doc. 50 at 3).  Judge Miera sets forth thirteen (13) undisputed material facts and introduces exhibits in support of those facts to demonstrate (1) that she serves as a Magistrate Judge, (2) the relevant dates and filings in Santa Fe Magistrate Court related to the Criminal Complaint filed against Plaintiff

Martinez for unpermitted development, and (3) her specific acts while she presided over Plaintiff Martinez's prosecution (Doc. 50 at 4-6).  Plaintiff Martinez's Response disputes many of the facts set forth in the Motion and claims that the Magistrate Court does not have authority over her, that the bench warrant issued by Judge Miera was invalid, and that her arrest was unlawful (Doc. 53 at 2-5).  Plaintiff Martinez argues that the Magistrate Court does not have jurisdiction over her, specifically Judge Miera, and that Plaintiff contested jurisdiction (Doc. 53).  Plaintiff repeatedly argues throughout her Response that she demanded proof of authority and that certain Defendants conceded lack of authority for failure to respond to correspondence, that Judge Miera and the Magistrate Court acted without subject matter jurisdiction and they did not investigate jurisdiction, and that any proceedings regarding Plaintiffs' real property requires Congressional authority because of the Treaty of Guadalupe Hidalgo and the Proposal of Queretaro (Doc. 53 at 5-20).

      The Court has considered the facts and arguments, as set forth by the Motion (Doc. 50) and Response (Doc. 53) and the exhibits attached thereto as well as reviewing the First Amended Action ("Complaint") (Doc. 29) "in the light most favorable to [Plaintiff].  Trask v. Franco, 446 F.3d at 1043.  Although Plaintiff disputes that she is the proper defendant in the Magistrate Court proceeding and that there was no authority or jurisdiction, the facts demonstrate that Judge Miera's actions were all judicial acts taken in her capacity as a Magistrate Judge presiding over Plaintiff Martinez's criminal proceeding.  The operative facts are as follows:  Judge Miera was assigned to preside over Plaintiff Martinez's criminal proceeding in Santa Fe County Magistrate Court (Doc. 50 at 4, ¶2).  A Notice of Arraignment was filed and ordered Plaintiff to appear before Judge Miera on April 19, 2013. Id. at 5, ¶4.  Plaintiff failed to appear. Id. at 5, ¶5.  Judge Miera, in her capacity as presiding judge, issued a Bench Warrant on April 19, 2013 for Plaintiff

Martinez's arrest.  Id. at 5, ¶7.  After Plaintiff was arrested, Judge Miera presided over Plaintiff's arraignment and set a cash bond for Plaintiff's release.  Id. at 5, ¶9.  Plaintiff claims that Judge Miera was "noticed on several occasions" that Plaintiff contested jurisdiction but there is no evidence of this purported notice.  Plaintiff's arguments that Judge Miera lacked jurisdiction and as such is not entitled to absolute immunity are without merit.  The Court finds that Judge Miera is entitled to absolute immunity.

Therefore, the Court finds that Judge Miera's Motion for Summary Judgment should be granted as a matter of law.  Given this decision, the Court declines to analyze Judge Miera's qualified immunity argument having found absolute immunity.

IT IS THEREFORE ORDERED that Defendant Sandra K. Miera's Motion for Summary Judgment Based on Absolute Immunity and Qualified Immunity (Doc. 50) is GRANTED.  Judge Miera is dismissed from the case.  The Court denies Judge Miera's request for attorney's fees at this time but reserves the right to revisit the issue at a future date.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE