IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARCELINA MARTINEZ, and
GILBERT ROMERO,

    Plaintiffs,

v.                                                           Civ. 13cv922 RHS/WPL

JULIAN GONZALES, et al.

    Defendants.

## ORDER GRANTING DEFENDANTS STEPHEN ROSS AND RACHEL BROWN'S MOTION FOR SUMMARY JUDGMENT ON THE BASIS OF IMMUNITY

THIS MATTER is before the Court on Defendants Stephen Ross and Rachel Brown's Motion for Summary Judgment On The Basis Of Immunity (Doc. 67) filed on February 28, 2014. Plaintiffs' Response in Opposition (Doc. 70) was filed on March 14, 2014. Defendants filed their Reply (Doc. 73) on March 20, 2014. The Court, having considered the Motion (Doc. 67), Response (Doc. 70), Reply (Doc. 73), all of the filings on record in the above-captioned cause, and the applicable law, finds that the Motion is well-taken and should be granted.

BACKGROUND

Plaintiffs Marcelina Martinez and Gilbert Romero's Complaint alleges ten (10) claims including civil rights violations against seventeen (17) defendants. Plaintiffs' claims arise from a dispute regarding the construction of a building, permitting issues raised by state and county entities, and a resulting criminal complaint filed in Santa Fe County Magistrate Court of the State of New Mexico (Doc. 29). Plaintiffs assert claims against Defendant Stephen Ross who is the Santa Fe County Attorney (Doc. 67 at 4; Doc. 29 at 5). Plaintiffs also assert claims against Defendant Rachel Brown who is the Deputy Attorney for Santa Fe County (Doc. 67 at 4; Doc. 29 at 4). Defendant Brown was assigned as the prosecutor in the action, against Plaintiff

Martinez, before the Santa Fe County Magistrate Court (Doc. 67 at 4).  Defendant Brown entered her appearance in the Magistrate Court case on May 6, 2013.  Id.  At that time, Defendant Brown filed and served a Response to Motion to Quash Criminal Complaint on Defendant Martinez (Doc. 29 at 13).

On May 10, 2013, Plaintiff Martinez sent correspondence to Defendant Daniel Mayfield, Santa Fe County Commissioner (Doc. 67-2).  Plaintiff Martinez called her letter to Defendant Mayfield, a "Notice of Intent" wherein she threatened legal action against Defendant Mayfield and/or Santa Fe County as a result of the ongoing permitting dispute.  Id.  On May 15, 2013, Defendant Ross, as Santa Fe County Attorney, responded to Plaintiff's letter on behalf of Defendant Mayfield (Doc. 67 at 4; Doc. 67-1).

## LEGAL STANDARD

Defendants assert that they are entitled to summary judgment on Plaintiffs' claims against them based on absolute immunity and qualified immunity.  Summary judgment is appropriate if the moving party demonstrates that "there is no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A "genuine" issue exists where the evidence allows a reasonable jury to resolve the issue either way.  Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  The court must consider all the evidence in the light most favorable to the party opposing summary judgment.  Trask v. Franco, 446 F.3d 1036, 1043 (10th Cir. 2006).

The opposing party may not rest upon mere allegations and denials in the pleadings, but must set forth specific facts showing that there is a genuine issue for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (citing Fed. R. Civ. P. 56(e)).  An issue of fact is

"genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the non-moving party. Id. at 249-50 (citations omitted). Mere assertions or conjecture as to factual disputes are not enough to survive summary judgment. Branson v. Price River Coal Co., 853 F.2d 768, 771-72 (10th Cir. 1988). Materials cited to establish the presence or absence of a genuine dispute must be in a form that would be admissible into evidence. Fed. R. Civ. P. 56(c)(2). The court need only consider the materials cited by the parties. Fed. R. Civ. P. 56(c)(3). In the event that a party fails to cite materials or otherwise properly address another party's assertion of fact, the court may consider the fact undisputed and, if the motion and supporting materials show that the movant is entitled to it, grant summary judgment. Fed. R. Civ. P. 56(e). In addition, because Plaintiffs are proceeding *pro se*, the court will liberally construe their pleadings. Durre v. Dempsey, 869 F.2d 543, 546 (10th Cir. 1989).

## ANALYSIS

Prosecutors are entitled to either absolute or qualified immunity, depending on what activity is challenged. A prosecutor is only entitled to qualified immunity when acting in an administrative or investigative capacity. England v. Hendricks, 880 F.2d 281, 285 (10th Cir. 1989). In Imbler v. Pachtman, the Supreme Court made clear that prosecutors are entitled to absolute immunity from §1983 suits for damages when their actions are within the scope of their prosecutorial duties. 424 U.S. 409, 424–27 (1976). Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court. Nielander v. Board of County Com'rs, 582 F.3d 1155, 1164 (10th Cir. 2009). "A prosecutor may rely on absolute immunity for the

professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made." Miller v. Spiers, 434 F.Supp.2d 1064, 1066 (D.N.M. 2006) (citing Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)). "In determining whether particular acts of government officials are eligible for absolute immunity, we apply a functional approach ... which looks to the nature of the function performed, not the identity of the actor who performed it." Malik v. Arapahoe County Dept. of Social Services, 191 F.3d 1306 (10th Cir. 1999) (citing Buckley v. Fitzsimmons, 509 U.S. at 269).

### Defendant Ross Is Entitled To Absolute Immunity

Defendant Ross asserts that he is absolutely immune from suit when he responded to the letter Plaintiff Martinez sent threatening litigation against Santa Fe County Commissioner Dan Mayfield on of the other Defendants in the instant case (Doc. 67 at 5). In the alternative, Defendant Ross argues that "[a]t the very least . . . [he] is qualifiedly immune from suit for his actions in sending the letter." Id. at 5-6. Defendant Ross contends that when Plaintiff Martinez threatened litigation against Defendant Mayfield and Santa Fe County, he acted in his capacity as "a government attorney" responding to the threat. Id. at 5. He argues that sending the response did not "objectively violate Plaintiffs' clearly established rights" (Doc. 67 at 7). Finally, Defendant Ross points out that his response to Plaintiff Martinez did not dissuade Plaintiffs from filing their lawsuit. Id.

Plaintiff Martinez asks this Court to deny any immunity to Defendant Ross (Doc. 70). She claims that Defendant Ross's letter[1] used aggressive language that stated that Defendant Ross would defend the suit by "all legal means necessary" (Doc. 70 at 3). Plaintiffs' Response

---

[1] Defendant Ross's letter responding to Plaintiff Martinez's letter threatening litigation is not included in the record.

states that they assumed that Defendant Ross's letter meant that "[Defendant Ross] could potentially use his own criminal action [against Plaintiff Martinez] to harass and injure [Plaintiff Martinez] so as to discourage her from this action." Id.   Plaintiffs claim that Defendant Ross followed through with the alleged threat because the County Attorney's office has been "unrelenting in its prosecution" even though Plaintiffs believe that their Notices of Objection and motion to dismiss filed in the Magistrate Court should have somehow precluded the County Attorney's office from proceeding in the Magistrate Court litigation (Doc. 70 at 3).  Plaintiffs further claim that Defendant Ross had no jurisdiction.  They also attempt to argue that he conceded that Santa Fe County has no authority over Plaintiffs or their real property (Doc. 70). Finally, Plaintiffs argue that they are not suing Defendant Ross for the filing of the letter to Plaintiff Martinez but because he was "aware of the rights violations and neglected to prevent further violations." Id. at 16.  Plaintiffs state that the rights in question are their "rights to privacy and due process" and relate the violation of these rights to the "entry of the county code enforcer onto plaintiffs' private land as well as their right not to contract, especially under threat of imprisonment" (Doc. 70 at 16).

   The Court considers all of these arguments and Plaintiff Martinez's claims raised in the Complaint.  The Court also considers that Plaintiffs do not dispute any of Movants' material facts in the Motion for Summary Judgment (Doc. 67).  Plaintiffs' Complaint fails to allege sufficient facts to support their claims against Defendant Ross.  Specifically, the Complaint alleges that Defendant Ross violated Plaintiffs civil rights in his capacity as County Attorney because he had prior notice of rights violations and injury,  and that he used his office to deprive Plaintiffs of their civil rights (Doc. 29 at 5).   The only concrete fact alleged in the Complaint is that Defendant Ross drafted a letter responding to Plaintiff Martinez's letter threatening litigation

(Doc. 29 at 13).  The allegations, contained in the Complaint and the Response, of Defendant Ross's knowledge that Plaintiffs' rights were being violated and he did nothing to prevent the violations are too speculative and conclusory.  The alleged violations by the "county code enforcer" occurred prior to Plaintiff's letter to Defendant Mayfield or Defendant Ross's response and cannot be attributed to Defendant Ross who serves as the County Attorney not as a supervisor over code enforcers.

The Court is convinced that Defendant Ross is entitled to absolute immunity.  Defendant Ross was responding to Plaintiff Martinez's letter in his role as the Santa Fe County Attorney "addressing potential legal claims . . . against the County and its officials" (Doc. 67 at 7).   From the parties representations, the letter appears to inform Plaintiff that there is no legal basis for her "threatened action" but in the event she decides to file a lawsuit, the County Attorney's office would defend Defendant Mayfield and Santa Fe County (Doc. 67-1; Doc. 70 at 3).  "Although a government defense attorney is a more passive position that a prosecutor . . . he nevertheless functions in an adversarial arena . . .[where] he should not be inhibited in the faithful performance of his duties by the threat of harassing lawsuits against him." Barrett v. United States, 798 F.2d 565 (2nd Cir. 1986) (citing Mitchell v. Forsyth, 472 U.S. 511, 521-22 (1985)); see  Robinson v. Volkswagenwerk AG, 940 F.2d 1369 (10th Cir. 1991)(where the Tenth Circuit applied absolute immunity to protect government defense counsel).  His function as a government advocate therefore entitles him to absolute immunity to allow him to perform his functions without harassment or intimidation.   Butz v. Economou, 438 U.S. 478, 512 (1978).  Defendant Ross was acting as just that, a government defense attorney, representing Santa Fe County and Defendant Mayfield and as such is entitled to absolute immunity.

The Court concludes that there are no genuine issues of material fact and as such summary judgment should be granted, in favor of Defendant Ross, as a matter of law.  Given this decision, the Court declines to analyze Defendant Ross's qualified immunity argument having found absolute immunity.

Defendant Brown Is Entitled To Absolute Immunity

Defendant Brown asserts that she is entitled to "absolute immunity from suit for actions taken in her limited prosecutorial role in the underlying criminal action against Martinez in Santa Fe Magistrate Court" (Doc. 67 at 8).  Defendant contends that she was "initially assigned as prosecutor in the action" filed against Plaintiff Martinez.  Id. at 4.  Defendant Brown entered her appearance on May 6, 2013.  Id.   Defendant Brown filed a Response to Motion to Quash Criminal Complaint because that is a "prosecutorial step[]" taken while "working towards a conviction on behalf of Santa Fe County for violation of a county code."  Id. at 8.  Defendant Brown also asserts that Plaintiff Martinez's criminal matter was reassigned to another Santa Fe County Deputy Attorney on October 1, 2013.  Id. at 4.

As stated above, Plaintiff do not dispute any of the material facts contained in the Motion for Summary Judgment.   In addition, Plaintiffs' lengthy Response fails provide a clear or concise objection to the Motion for Summary Judgment.  The Court is forced to parse through their "Argument" section to determine Plaintiffs' basis for objection.[2]  It appears to the Court

---

[2] While it will not hold *pro se* pleadings to the more stringent standards for pleadings drafted by lawyers, the Court will not act as a party's attorney and make the party's arguments for them.  See Haines v. Kerner, 404 U.S. 519, 520 (1972); Mitchell v. City of  Moore, 218 F.3d 1190, 1199 (10th Cir. 2000); Northington v. Jackson, 973 F.2d 1518, 1521 (10th Cir. 1992). Doing so would not only consume an inordinate amount of time, but would result in the Court abandoning its neutrality and becoming an advocate in the adversarial process.  See Mitchell v. City of  Moore, 218 F.3d at 1199. The Court will not comb the record, do counsel's work of organizing or make a party's arguments for it.  See Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998).

that Plaintiffs argue that Defendant Brown acted without any jurisdiction, that she engaged in violating Plaintiff Martinez's rights rather than preventing said violations, and in Defendant Brown's case that she lacked authority to prosecute Plaintiff Martinez (Doc. 70).  Plaintiffs also contend that Defendant Brown was aware of "rights violations and neglected to prevent further violations" (Doc. 70 at 16).  Plaintiffs also claim that the rights in question are their "rights to privacy and due process."  Id.  Plaintiffs provide other arguments which the Court declines to discuss because they are not relevant to Defendant Brown's Motion for absolute immunity.

The Court has reviewed Plaintiffs' Complaint and cannot discern any alleged act that Defendant Brown performed outside of her prosecutor job description or duties.  Defendant Brown's actions in responding to a motion to quash criminal complaint fall directly within Defendant Brown's responsibilities as a prosecutor.  Plaintiffs offer no facts to contest that Defendant Brown was performing her prosecutorial duties, in fact, paragraph 9 of the Complaint alleges that Defendant Brown was "acting . . . as Special District Attorney" (Doc. 29 at 4).  The law is unequivocal that Defendant Brown's response to a motion to quash Plaintiff Martinez's criminal proceeding and any other duties intimately associated with her prosecutorial duties are protected by absolute immunity.  Imbler, 424 U.S. at 424-27.  Additionally, there are no facts demonstrating that Defendant Brown participated in violating or allowing violations of Plaintiffs' rights to privacy or due process.  As discussed above, Plaintiffs allegations are speculative and conclusory.

In their Response, Plaintiffs do not cite to the record.  They fail to dispute any material facts and therefore, Defendants facts are deemed undisputed. Fed. R. Civ. P. 56(e).  The Court finds that there are no genuine issues of material fact.  Therefore, the Court concludes that

Defendant Brown is entitled to summary judgment as a matter of law on the basis of absolute immunity.

Given the foregoing decisions, the Court, having found Defendants are entitled to absolute immunity, declines to analyze Defendants' additional argument raised in their Reply asserting that Plaintiff is precluded from pursuing her civil rights claims in accordance with <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) as a result of her conviction.

IT IS THEREFORE ORDERED that Defendants Stephen Ross and Rachel Brown's Motion for Summary Judgment On The Basis Of Immunity (Doc. 67) is GRANTED. Defendants Stephen Ross and Rachel Brown are dismissed from the case.  The Court denies Defendants' request for attorney's fees at this time but reserves the right to revisit the issue at a future date.

*Robert Hayes Scott*
_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE