IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARCELINA MARTINEZ and
GILBERT ROMERO,

     Plaintiffs,

v.                                                                    Civ. 13cv922 RHS/WPL

JULIAN GONZALES, et al.

     Defendants.

**ORDER GRANTING DEFENDANTS EDWARD G. WEBB AND BRIAN NISSEN'S MOTION FOR SUMMARY JUDGMENT ON THE BASIS OF IMMUNITY**

THIS MATTER is before the Court on Defendant Edward G. Webb and Brian Nissen's Motion for Summary Judgment on the Basis of Immunity (Absolute and Qualified) and Memorandum of Law in Support filed February 28, 2014 (Doc. 68).  Plaintiffs filed their Response (Doc. 71) on March 14, 2014.  Defendants filed their Reply (Doc. 79) on April 1, 2014.  The Court having considered, the Motion (Doc. 68), Plaintiffs' Response (Doc. 71), Defendants' Reply (Doc.79), the filings on the record in the above-captioned cause and applicable legal authority, finds that the Motion is well-taken and should be granted.

BACKGROUND

Plaintiffs Marcelina Martinez and Gilbert Romero's Complaint alleges ten (10) claims including civil rights violations against seventeen (17) defendants.  Plaintiffs' claims arise from a dispute regarding the construction of a building, permitting issues raised by state and county entities, and a resulting criminal complaint filed in the Santa Fe County Magistrate Court of the State of New Mexico (Doc. 29).

On April 5, 2013, a Notice of Arraignment was filed in the Magistrate Court ordering Plaintiff to appear on April 19, 2013 at 8:00 a.m. (Doc. 50-1 at 7).  The Notice informed Plaintiff

Martinez that failure to appear may result in the issuance of a warrant for her arrest. Id. Santa Fe County Magistrate Judge Sandra K. Miera issued a bench warrant on April 19, 2013 after Plaintiff Martinez failed to appear at her arraignment (Doc. 50-1 at 17). On June 19, 2013, Defendants Edward G. Webb and Brian Nissen, Deputies for the County of Santa Fe Sheriff's Office, attempted to execute the bench warrant and arrest Plaintiff Martinez (Doc. 29 at 14-16). Defendants arrived at Plaintiff Martinez's property and encountered Plaintiff Romero (Doc. 68 at 7; Doc.71 at 5). There was a verbal confrontation between Defendants and Plaintiff Romero (Doc. 68, 71). Defendants decided to leave without executing the Bench Warrant (Doc. 68 at 5). Defendants never executed the Bench Warrant and have not interacted with either Plaintiff since June 19, 2013 (Doc. 68 at 5).

Plaintiffs' specific claims against Defendants Webb and Nissen include deprivation of privacy and due process in violation of the Fourth, Fifth, and Fourteenth amendments of the United States Constitution, conspiracy to deprive Plaintiffs of their due process rights and trespass (Doc. 29 at 28-29, 33). They further allege violations of rights protected by the Treaty of Guadalupe Hidalgo and Protocol of Queretaro. Id.

## LEGAL STANDARD

Defendants assert that they are entitled to summary judgment on Plaintiffs' claims against them based on absolute and/or qualified immunity. Summary judgment is appropriate if the moving party demonstrates that "there is no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A "genuine" issue exists where the evidence allows a reasonable jury to resolve the issue either way. Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The court must consider all

the evidence in the light most favorable to the party opposing summary judgment. Trask v. Franco, 446 F.3d 1036, 1043 (10th Cir. 2006).

The opposing party may not rest upon mere allegations and denials in the pleadings, but must set forth specific facts showing that there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (citing Fed. R. Civ. P. 56(e)). An issue of fact is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the non-moving party. Id. at 249-50 (citations omitted). Mere assertions or conjecture as to factual disputes are not enough to survive summary judgment. Branson v. Price River Coal Co., 853 F.2d 768, 771-72 (10th Cir. 1988). Materials cited to establish the presence or absence of a genuine dispute must be in a form that would be admissible into evidence. Fed. R. Civ. P. 56(c)(2). The court need only consider the materials cited by the parties. Fed. R. Civ. P. 56(c)(3). In the event that a party fails to cite materials or otherwise properly address another party's assertion of fact, the court may consider the fact undisputed and, if the motion and supporting materials show that the movant is entitled to it, grant summary judgment. Fed. R. Civ. P. 56(e). In addition, because Plaintiffs are proceeding *pro se*, the court will liberally construe their pleadings. Durre v. Dempsey, 869 F.2d 543, 546 (10th Cir. 1989).

## ANALYSIS

Judges acting in their judicial capacity are absolutely immune from liability under § 1983. Pierson v. Ray, 386 U.S. 547, 553-54 (1967). Similarly, "official[s] charged with the duty of executing a facially valid court order enjoy[ ] absolute immunity from liability for damages in a suit challenging conduct prescribed by that order." Valdez v. City & County of Denver, 878 F.2d 1285, 1286 (10th Cir. 1989).

Plaintiffs contend that the Defendants are not entitled to any immunity because "defendants [ ] entered plaintiffs' private land to execute a facially invalid warrant absent jurisdiction" (Doc. 71 at 2).  Plaintiffs argue that Judge Miera lacked jurisdiction and that the warrant was unlawful and invalid, but neither argument will support a denial of Defendants' entitlement to absolute immunity.  The Tenth Circuit has determined that even where an "order was infirm as a matter of state law, it was facially valid.  Facially valid does not mean lawful.  An erroneous order can be valid."  Turney v. O'Toole, 898 F.2d 1470, 1473 (10th Cir. 1990); see also Zamora v. City of Belen, 383 F.Supp.2d 1315, 1326 (D.N.M. 2005) (determining that " it is irrelevant to the executing officer's absolute immunity from suit under § 1983 if the court order violates a statute, or is erroneous or even unconstitutional, as long as it is facially valid"). Moreover, "state officials must not be required to act as pseudo-appellate courts scrutinizing the orders of judges," Valdez v. City & County of Denver, 878 F.2d at 1289.  In Valdez v. City & County of Denver, the Tenth Circuit reasoned that "[o]fficers might neglect the execution of their sworn duties" if they faced "harassing litigation" each time they were required to enforce a court order.  Id. at 1288.   The Tenth Circuit determined that it would be unacceptable if officials performing ministerial acts were required to defend themselves in court every time a litigant believed that the judge was acting improperly..  Id. at 1289.   This Court agrees.

Here, Defendants were attempting to arrest Plaintiff Martinez pursuant to a facially valid bench warrant issued by Judge Miera of the Santa Fe Magistrate Court.  The material facts are undisputed.  Defendants both attest that they are deputies with the Santa Fe County Sherriff's Office, and that they have been assigned to the warrants unit since September 2009 (Docs. 68-1 at 1; 68-2 at 1).  They were tasked with executing several bench warrants throughout Santa Fe County on June 19, 2013 (Doc. 68 at 5, Doc. 68-1 at 1-2; Doc. 68-2 at 1-2).  Defendants further

attest that the bench warrant for Defendant Martinez appeared facially valid.  Id.  Defendants were unable execute the bench warrant and did not arrest Defendant Martinez.  Id.

The Court reviewed the bench warrant attached as an Exhibit to Defendants' affidavits (Doc. 68-1 at 4). The warrant appears to be facially valid in accordance with Rules 6-207 and 6-204, NMRA and Form 9-212C, NMRA as cited by Defendants.  The Court finds that Defendants were acting pursuant to a facially valid bench warrant issued by Judge Miera.  Defendants were enforcing a court order, "intrinsically associated with a judicial proceeding" Valdez v. City & County of Denver, 878 F.2d at 1288 and as such, are entitled to absolute immunity.

The Court concludes that there are no genuine issues of material fact and summary judgment should be granted, in favor of Defendants Webb and Nissen, as a matter of law.  Given this decision, the Court declines to analyze Defendants' qualified immunity argument having found absolute immunity.

IT IS THEREFORE ORDERED that Defendants Edward G. Webb and Brian Nissen's Motion for Summary Judgment On The Basis Of Immunity (Absolute and Qualified) (Doc. 68) is GRANTED.  Defendants Edward G. Webb and Brian Nissen are dismissed from the case.  The Court denies Defendants' request for attorney's fees at this time but reserves the right to revisit the issue at a future date.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE