IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARCELINA MARTINEZ, GILBERT ROMERO,

      Plaintiffs,

v.                                                    CV 13-0922 RHS/WPL

JULIAN GONZALES, et al.,

      Defendants.

**ORDER DENYING MOTION FOR SANCTIONS**

      This matter is before me on Plaintiffs' motion to impose sanctions on Defendants Sandra K. Miera, Edward G. Webb, Jr., and Brian Nissan, as well as on those Defendants' attorneys. (Doc. 84.) As grounds, Plaintiffs contend that the summary judgment motion filed by Miera (Doc. 50) and the summary judgment motion filed by Webb and Nissan (Doc. 68) were each accompanied by exhibits featuring information that should have been redacted pursuant to Federal Rule of Civil Procedure 5.2. Defendants[1] jointly respond that Rule 5.2 does not require redaction of information in the documents at issue, and that at any rate they cured any alleged violation of that Rule by arranging for the sealing of those documents immediately after Plaintiffs brought the matter to their attention.

      Rule 5.2 is designed to prevent certain private information from being made public in electronic or paper court filings. Pursuant to that Rule, all private identifying information but the last four digits of a social security number and the year of an individual's birthdate, *inter alia*, should generally be redacted from court filings. FED. R. CIV. P. 5.2(a). However, certain

---

[1] For purposes of resolving the instant motion, the term "Defendants" refers exclusively to Miera, Webb, and Nissan.

documents are exempted from this redaction requirement, including the official records of a state-court proceeding, the record of a court or tribunal where such record was not subject to the redaction requirement when the document was originally filed, or a document filed under seal pursuant to the court's order. FED. R. CIV. P. 5.2(b)(3)-(5).

Here, Defendants filed as exhibits certain bench warrants, originally filed in the Santa Fe County Magistrate Court, that included Marcelina Martinez's full social security number and date of birth. (Doc. 50 Exs. A-5 & A-6; Doc. 68 Exs. A-1 & B-1.) Though Plaintiffs dispute the jurisdiction of that court over Martinez, these documents are plainly part of the official record of a state-court proceeding against her, regardless of whether that court's jurisdiction over her was ultimately proper. As such, redaction was not required upon the filing of these documents in this Court. FED. R. CIV. P. 5.2(b)(3).[2]

Plaintiffs also argue that the filing of the documents in question on CM/ECF violates a state-court rule, which instructs state magistrate courts not to release personal identifying information on publicly accessible websites. *See* N.M. R. MAG. CT. 6-114(C). Yet that rule by definition only applies to state magistrate courts. This Court is bound by the Federal and Local Rules of Civil Procedure, not New Mexico state court rules.

Moreover, even if redaction had been required, the sanctions that Plaintiffs seek here—monetary penalties for costs and "emotional distress," punitive sanctions, a finding of contempt, and attorneys' fees incurred in pursuing the instant motion—are unwarranted in light of the circumstances. Plaintiffs state that they learned about the alleged rule violation during the week of March 10, 2014, and notified Defendants of the problem on March 17, 2014. Defendants

---

[2] Abiding by the rule against surplusage, I also reject Plaintiffs' attempt in their reply to conflate Rules 5.2(b)(3) and 5.2(b)(4). Even assuming (without deciding) that the documents at issue could not be exempted from the general redaction requirement under Rule 5.2(b)(4), Rule 5.2(b)(3) provides an independent basis for exemption.

claim, and the docket reflects (*see, e.g.*, Doc. 72), that they took action to seal the documents in question very shortly thereafter. Though Plaintiffs speculate that other web sites and databases may have already catalogued these documents for public use, they provide no evidence that this has happened. Accordingly, Plaintiffs have shown no prejudice from Defendants' filing of the exhibits at issue.

In *Martinez v. United States*, the District Court for the District of Columbia considered a party's filing of private information, in violation of a local rule analogous to Rule 5.2, and that party's "indefensible" failure to correct the clear violation or to even respond to the opposing party's motion for sanctions. *See* 587 F. Supp. 2d 245, 249 (D.D.C. 2008). Nonetheless, because the opposing party had failed to show prejudice, the court denied her sanctions motion and simply ordered the violating party to quickly correct the error. *See id.* Here, not only have Plaintiffs failed to show prejudice, but Defendants acted with apparent haste to correct the alleged error, even while operating on the understanding that it was not necessary to do so. Courts routinely refuse to impose sanctions in similar circumstances. *See, e.g.*, *Ohda v. Potter*, No. 3:06-CV-759 CAN, 2008 WL 762621, at *4 (N.D. Ind. Mar. 19, 2008) (unpublished) (finding sanctions to be inappropriate where the violating party appeared to file private information inadvertently and quickly acted to correct the matter upon learning of the violation). I see no reason to deviate from that approach here.

For the foregoing reasons, Plaintiffs' motion for sanctions (Doc. 84) is denied.

IT IS SO ORDERED.

*William P. Lynch*
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.